IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VALERIE J. RATLIFF

VS.                                         CIVIL ACTION NO.  1:06CV301-DAS

MICHAEL J. ASTRUE,
Commissioner of
Social Security

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of claimant Valerie J. Ratliff for disability benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  In accordance with the provisions of 28 U.S.C. § 636©), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment.  Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.  Having duly considered the respective positions of the parties, the court finds that the ALJ's decision should be affirmed.

## I.  FACTUAL AND PROCEDURAL HISTORY

On November 5, 2003, the claimant filed an application for disability benefits and supplemental security income benefits, alleging an onset date of September 30, 2003.  The application was denied initially and upon reconsideration.  On May 17, 2006, an administrative law judge ("ALJ") issued a decision unfavorable to the claimant, and on September 1, 2006, the Appeals Council denied the claimant's request for review.  The ALJ's decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The claimant was born on March 22, 1967 and was thirty-nine years old on the date of the

hearing decision. She previously worked as a house cleaner, a furniture upholsterer, and a cushion maker. With her application for benefits, the claimant contends she can no longer work because of severe back pain, chronic bronchitis with mild COPD, atypical chest pain, migraine headaches, a left lateral meniscus tear, and depression. Nevertheless, after consideration of the medical evidence, the subjective testimony at the hearing, and the testimony of a vocational expert and a medical expert, the ALJ found that the claimant was not disabled. The ALJ found the claimant had the residual functional capacity to lift/carry ten pounds frequently and twenty pounds occasionally; she could stand/walk for six hours our of a normal eight-hour workday; she could stand for a total of six hours; she could frequently climb stairs; occasionally stoop (bend), but never climb ropes, scaffolds, or ladders; she could never crouch, kneel, or crawl; she should avoid chemicals, dust, fumes, heights, and moving machinery; and finally, she would be limited to jobs that would allow her to alternate between sitting or standing at will. Based on this RFC, the vocational expert testified that the claimant could perform her past relevant work as a furniture upholsterer and cushion maker.

While largely unclear, the claimant appeals the ALJ's decision apparently making four arguments: First, the claimant makes an argument related to her previous employment as a house cleaner; second, the claimant argues the ALJ erred when he considered her employment as a house cleaner as past relevant work; third, the claimant argues that the ALJ erred when he did not ensure that "the Agency met its burden of specific jobs that the claimant could do once the claimant shows she cannot do her customary or past occupation." And fourth, the claimant argues the ALJ erred when he inappropriately disregarded the records of the nurse practitioner used by the claimant.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability, and if the claimant is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, the claimant must prove he is not currently engaged in substantial gainful activity.[3] Second, the claimant must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6] If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity, age, education and past work experience, that he is capable of performing

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2000).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2000).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2000). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2000).

other work.[7]  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work.[8]

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found . . . where there is a 'conspicuous absence of credible choices' . . . ."  *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner.  *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475.  If the Commissioner's decision is supported by the evidence, then it is

---

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2000).

[8] *Muse*, 925 F.2d at 789.

4

conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III.  DISCUSSION

In the present case, the ALJ began working through the five-step process, but because he found the claimant was capable of performing her past relevant work, he needed only to complete steps one through four.  In other words, the ALJ found that the claimant had not been involved in substantial gainful activity (step one); her chronic back pain was a severe impairment, but the remainder of her complaints were not (step two); her chronic back pain did not meet or equal a listed impairment (step three); her residual functional capacity was determined, and the vocational expert opined that with her RFC she could still perform her past relevant work.  The ALJ then agreed with the vocational expert, and thus, there was no cause to continue to step five, which is only used when an ALJ finds a claimant cannot return to her past relevant work, and then considers whether there are any other jobs she can perform.

As discussed *supra*, the claimant objects to this determination, but it is not precisely clear on what grounds.  After examining the claimant's brief a number of times, the Court will respond to each of the four "issues" delineated in her brief.

### 1.  Issue 1 – Disability Onset

The claimant's first argument is virtually indecipherable, but it appears she is complaining that the Social Security Administration concluded at some point she had engaged in substantial gainful employment since May 1, 2001.  According to the claimant, there was no evidence to support this finding, and such a conclusion "affected any consideration of an earlier disability onset and caused non-development of medical history by the Defendant to support a correct disability onset."  Because the claimant alleged an onset date of September 30, 2003, it is

unclear why a statement made by a "social security employee" concerning events in May 2001 is relevant. As such, the Court finds this argument to be without merit.

## 2. Issue 2 – Vocational Expert's Testimony

Next, the claimant argues that the vocational expert incorrectly identified a previous job she held as a house cleaner. In support of this argument, the claimant points out that "the Transcript does not document the earnings history of this activity . . . ." Therefore, according to the claimant, "it may not have been a relevant work history. If so, consideration of this work would cause an incorrect summarization of the Claimant's work history." Whether this argument has merit is irrelevant, however, because the record clearly shows the ALJ did not rely on the claimant's testimony that she had previously worked as a housekeeper. After examining the evidence and determining that the claimant had a particular residual functional capacity,[9] the ALJ found that she could return to her past relevant work as a furniture upholsterer and cushion maker. The ALJ specifically omitted any mention of a house cleaner because when he asked the hypothetical, the vocational expert responded that the claimant could return to two of her three past jobs. Indeed after the vocational expert listed housekeeper, furniture upholsterer, and cushion maker in that order, when the ALJ asked if she could return to her past relevant work, the vocational expert stated specifically, "Yes, Your Honor, the jobs I gave *jobs number two and three*, Your Honor, would be appropriate there." Accordingly, because the ALJ did not consider

---

[9]As discussed *supra*, the ALJ found the claimant could lift/carry ten pounds frequently and twenty pounds occasionally; could stand/walk for six hours our of a normal eight-hour workday; could stand for a total of six hours; she could frequently climb stairs; occasionally stoop (bend), but never climb ropes, scaffolds, or ladders; could never crouch, kneel, or crawl; should avoid chemicals, dust, fumes, heights, and moving machinery; and finally, would be limited to jobs that would allow her to alternate between sitting or standing at will.

6

the claimant's past employment as a house cleaner, the claimant's argument as to this issue is without merit.

Also with respect to the vocational expert's testimony, the claimant makes an argument concerning the "sit/stand" language provided in a hypothetical by the ALJ. Again, it is simply unclear what argument the claimant is attempting to make. Apparently, the claimant is contending that in her previous employment she was not allowed to alternate between sitting and standing freely, and such an option was provided in the hypothetical and eventually in her residual functional capacity as determined by the ALJ. However, it is well established that in determining whether the claimant can return to past relevant work, the question is not solely whether the claimant can return to her own particular job. Instead, the Social Security Administration and the reviewing Court look to determine whether the claimant can return to her former *type* of work, i.e., whether she retains the functional capacity to meet the demands of her former type of work. *See, e.g., Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995) ("The mere inability of a claimant to perform certain 'requirements of his past job does not mean that he is unable to perform 'past relevant work' as that phrase in used in the regulations'; rather, the Commissioner may also consider the description of the claimant's past work as such work is generally performed in the national economy.") (quoting *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987)). Because the ALJ's finding related to the type of work the claimant had previously performed, her argument as to this issue is without merit.

### 3. Issue 3 – Past Relevant Work

With her third argument, the claimant inexplicably contends that no jobs were identified in the national economy that she could perform. Consequently – according to the claimant – the

ALJ failed to ensure that the Agency met its burden once it has been determined she cannot perform her past relevant work. In other words, the claimant is arguing that because the ALJ did not find the claimant could meet step four, he erred when he did not move on to step five. The puzzling aspect of this argument, of course, is that the ALJ *did* find that she could perform her past relevant work, and this Court finds he had substantial evidence to do so. Accordingly, the claimant's argument is without merit.

### 4. Issue 4 – Nurse Practitioner

Finally, the claimant argues that the ALJ erred when he disregarded the evidence provided by the nurse practitioner who saw and treated the claimant from September 2003 to August 2005. In support of her argument, the claimant explains that while Ms. Battles treated the claimant, her practice was supervised by a medical doctor. In making this argument, the claimant misconstrues the ALJ's opinion. It is clear to the Court that the only aspect of Ms. Battle's opinion that the ALJ disregarded was her opinion that the claimant was "unable to return to work, or any other work, based on her disabling condition." The ALJ disregarded this opinion for two reasons: First, the ALJ disregarded the opinion because a nurse practitioner is not an acceptable medical source within the regulations. However, even had a nurse practitioner been an acceptable source, the ALJ would not have accepted such an opinion because – as the ALJ explained – such an opinion is reserved solely for the Commissioner. Because the ALJ disregarded the nurse practitioner's opinion only inasmuch as she opined the claimant was "disabled," the claimant's argument as to this issue is also without merit.

### IV. CONCLUSION

Based on the foregoing, I find that substantial evidence supports the Commissioner's

decision that claimant was not disabled for purposes of the subject application for benefits. Accordingly, the Commissioner's determination of no disability and the denial of benefits should be affirmed. A final judgment consistent with this opinion will be entered.

THIS, the 19th day of September 2008.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE